## DOMINIC ORANCIO
### vs.
## DAVID ARINOFSKY, ET AL.

Superior Court      New Haven County       File #52620

Present: Hon. ERNEST A. INGLIS, Judge.

L J Somers,                    Attorney for the Plaintiff.

H. R. Cooper,                  Attorney for the Defendant.

## MEMORANDUM FILED JULY 3, 1937.

INGLIS, J. The amended complaint in this action alleges that the plaintiff was injured in a fall caused in part by negligence of the defendants in that they permitted and maintained a common stairway on their premises in an inherently dangerous condition which constituted a nuisance. It is further alleged that an undivided half interest in the premises had formerly been in Hyman Arinofsky the father of the defendant Dora Levy who died in 1933, leaving a will which devised his interest in this property to his children, who are all defendants in this action, subject to a life use in an undivided one-third thereof in his widow. The estate of said Hyman Arinofsky is still in probate and the defendant David Arinofsky is the executor and trustee, under the will. It is further alleged that on or about February 27, 1934, prior to the plaintiff's fall, the defendant The Home National Bank, a mortgagee of the premises in question had pursuant to an agreement with David Arinofsky, taken over the management, supervision and control of said property.

The gist of this demurrer is that this defendant is not liable because at the time of the plaintiff's fall she was not in control of the premises.

Whether or not a person is in control of real property is a question of fact and a complete answer to the demurrer is that the complaint alleges in paragraph 10 that the portion of the premises where the plaintiff was injured "was retained in the control of the defendants" (which of course includes this defendant). It is not necessarily inconsistent with this allegation that the premises are alleged to have been a part of the estate of a decedent. Although **Section 4956 of the General Statutes, Revision of 1930** provides that the executor of a decedent's will shall during the settlement of the estate have the possession, care and control of the real estate of such decedent, it makes an exception in the event that the real estate has been specifically devised and in the event that the

probate court has ordered a surrender of it to the devisees. It is alleged that this real estate was devised to the children of the decedent of whom this defendant is one and this allegation is open to the construction that it was specifically devised. Or the allegation that the defendants were in control of the property may be reconciled with the fact that Hyman Arinofsky's estate is still unsettled on the possibility that the probate court has ordered the surrender of it to the devisees.

Likewise, so far as the decision on this demurrer is concerned, the allegation that The Home National Bank has taken the control of the property does not overcome the general allegation that "the defendants" were in control at the time of the fall. The former allegation may mean simply that the control of the Bank was joint with that of the other defendants. This is true particularly in view of the fact that the only allegation is that "David Arinofsky, individually and as executor and trustee—did relinquish and surrender to said Bank—the control of said property." There is no allegation to the effect that this defendant relinquished her control to the Bank. Moreover, it may well be that the allegation of control in the Bank is intended simply as pleading in the alternative to the allegation that the control was in all of the defendants.

With these considerations in mind it is clear that for the purposes of this demurrer the complaint must stand as containing the allegation of fact that this defendant among others was in control of that portion of the premises where the plaintiff fell at the time he fell. It therefore can not be held as a matter of law that this defendant owed no duty to the plaintiff to use reasonable care to keep the premises in a reasonably safe condition.

Moreover, it is to be noticed that the complaint alleges that the defendants, including, of course, this defendant, permitted the existence and continuance of a nuisance. It is not essential to a cause of action for a nuisance that the person charged with the maintenance of it be in possession and control of the premises whereon it exists at the time it causes injury. It is sufficient that such person is responsible in any way for the creation or maintenance of the nuisance.

House vs. Metcalf, 27 Conn. 631.
Calway vs. Schaal & Son, Inc., 113 Conn. 586.

For the foregoing reasons the demurrer is overruled.